278 N.J. Super. 550 (1995)
651 A.2d 1047
VINCENT IZZO, PLAINTIFF-APPELLANT,
v.
THE LINPRO COMPANY, ANGELO MORREALE, MORRISTOWN OFFICE PARTNERS AND NOVA INTERIORS, INC., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued November 30, 1994.
Decided January 19, 1995.
*551 Before Judges SKILLMAN and KLEINER.
Peter C. Ioannou argued the cause for the appellant (Maskaleris & Associates, attorneys; Mr. Ioannou, of counsel and on the brief).
Kathleen B. Lucey argued the cause for the defendants-respondents The Linpro Company, Angelo Morreale and Morristown Office Partners (Scanlon & Akin, attorneys; Ms. Lucey, of counsel and on the brief).
Stephen C. Cahir argued the cause for the defendant-respondent Nova Interiors, Inc. (Staehle & DeSanto, attorneys; Mr. Cahir, of counsel and on the letter brief).
The opinion of the court was delivered by KLEINER, J.A.D.
Plaintiff Vincent Izzo, an employee of Protective Electric, suffered an electric shock while installing and relocating a wall receptacle at an office building owned by defendant Morristown Office Partners. Defendant Morristown Office Partners employed the services of defendant The Linpro Company to manage this office building.
Prior to May 7, 1987, a suite of offices became vacant. To accommodate the needs of a new tenant, it was necessary to *552 relocate one electric receptacle and to install new electrical fixtures. Linpro's employee, defendant Angelo Morreale, engaged the services of defendant Nova Interiors, Inc. to remove the drywall in the office suite to expose the electric receptacle, and he engaged the services of Protective Electric to perform the electric installations.
From the pleadings, answers to interrogatories, affidavits and deposition testimony of plaintiff and the owner of Protective Electric, which were submitted in support of defendants' motions for summary judgment, we are able to conclude that employees of Nova Interiors, Inc. removed the drywall and exposed the electric receptacle. There is no evidence that those employees performed any work on the electric wiring or the receptacle.
When Nova Interiors, Inc. employees completed their job, plaintiff and a co-employee, a licensed electrician, were ready to commence their job function. Plaintiff was an electrician's helper, and therefore his co-employee was his supervisor on this particular job site. On the morning of May 7, 1987, before the electrical work commenced, Morreale advised the electrician not to indiscriminately disconnect the electricity in the office building, as other offices were occupied and a disconnection of all electricity might be disruptive to computers in operation within the building.
Plaintiff's deposition testimony reveals that he did not check whether the electric current to the specific receptacle which was to be removed had been turned off, before he commenced his job. The electricity in fact had not been turned off, and plaintiff received an electric shock which he contends caused neurologic injury, resulting in his hospitalization.
In an ensuing complaint, Izzo sued Linpro and Morreale, and by amended complaint joined Morristown Office Partners and Nova Interiors, Inc. as defendants. Thereafter, summary judgment was granted in three separate contested motions to Linpro and Morreale, to Morristown and to Nova. Plaintiff appeals from each order for summary judgment and from the denial of his subsequent motions for reconsideration of the first two orders. We now *553 affirm the grant of summary judgment as to Nova Interiors, Inc. and Morristown Office Partners. We reverse the order which granted summary judgment to defendants The Linpro Company and Morreale.
The facts presented here are similar to the causative facts in Izhaky v. Jamesway Corp., 195 N.J. Super. 103, 478 A.2d 416 (App.Div. 1984), where plaintiff, the employee of an electrical contractor retained by defendant to relocate a switch and install wall outlets during the remodeling of defendant's headquarters, was injured when his hand came in contact with a live wire. Id. at 105, 478 A.2d 416. After reviewing the law pertinent to a landowner's nondelegable duty to employees of an independent contractor to provide those employees with a reasonably safe place to work, as discussed in Wolczak v. National Elect. Products Corp., 66 N.J. Super. 64, 168 A.2d 412 (App.Div. 1961), and thereafter in Rodrigues v. Elizabethtown Gas Co., 104 N.J. Super. 436, 250 A.2d 408 (App.Div. 1969), we affirmed a jury verdict which imposed liability upon defendant Jamesway Corp. Izhaky, supra, 195 N.J. Super. at 106-08, 478 A.2d 416. Our decision in Izhaky was predicated upon the concept that the landowner has a duty to eliminate or warn of potential operational hazards which are not or may not be obvious and visible to the invitee upon ordinary observation. Id. at 107, 478 A.2d 416. Jamesway employees had performed the preparatory carpentry work required to be performed before the electrician's services could be performed. We noted: "This participation by defendant in the work, including some degree of involvement with the electrical system, removes the limited immunity provided by Wolczak, which specifically indicts such owner participation...." Ibid.
Unlike Jamesway's active participation in the remodeling project, here, plaintiff can only point to a general instruction by Morreale not to indiscriminately turn off the electricity in the entire office building. That instruction does not encompass an instruction to plaintiff's supervising electrician, his co-employee, not to turn off the electric current within the very suite being *554 remodeled. As noted in Wolczak, "[i]n the absence of interference by either of the defendants in the performance of the independent contractor's work, the duty to insure that the job was performed in a safe manner was solely that of plaintiff's employer...." Wolczak, supra, 66 N.J. Super. at 77, 168 A.2d 412.
However, plaintiff's claim is not solely predicated upon Morreale's general instruction. It encompasses a distinct claim that defendants Morristown, Linpro and Morreale violated a duty imposed under OSHA regulations and for that reason summary judgment should be denied.
Implicated here are several OSHA regulations. 29 C.F.R. § 1926.20(a) (1994) provides, in part:
[N]o contractor or subcontractor for any part of the contract work shall require any laborer or mechanic employed in the performance of the contract to work in surroundings or under working conditions which are unsanitary, hazardous, or dangerous to his health or safety.
[Ibid.]
29 C.F.R. § 1926.416 (1994) provides, in part:
(a) Protection of employees  (1) No employer shall permit an employee to work in such proximity to any part of an electric power circuit that the employee could contact the electric power circuit in the course of work, unless the employee is protected against electric shock by deenergizing the circuit and grounding it or by guarding it effectively by insulation or other means.
....
(3) Before work is begun the employer shall ascertain by inquiry or direct observation, or by instruments, whether any part of an energized electric power circuit, exposed or concealed, is so located that the performance of the work may bring any person, tool, or machine into physical or electrical contact with the electric power circuit. The employer shall post and maintain proper warning signs where such a circuit exists. The employer shall advise employees of the location of such lines, the hazards involved, and the protective measures to be taken.
[Ibid.]
Under 29 C.F.R. § 1926.32(k) (1994), the term "employer means contractor or subcontractor." The term "employer" does not mean "property owner."
Significantly, a prime or general contractor is responsible for all OSHA violations on a job site pursuant to 29 C.F.R. § 1926.16 (1994), which provides:

*555 (a) The prime contractor and any subcontractors may make their own arrangements with respect to obligations which might be more appropriately treated on a jobsite basis rather than individually ... In no case shall the prime contractor be relieved of overall responsibility for compliance with the requirements of this part for all work to be performed under the contract.
(b) By contracting for full performance of a contract ..., the prime contractor assumes all obligations proscribed as employer obligations under the standards contained in this part, whether or not he subcontracts any part of the work.
(c) To the extent that a subcontractor of any tier agrees to perform any part of the contract, he also assumes responsibility for complying with the standards in this part with respect to that part. Thus, the prime contractor assumes the entire responsibility under the contract and the subcontractor assumes the responsibility with respect to his portion of the work. With respect to subcontracted work, the prime contractor and any subcontractor or subcontractors shall be deemed to have joint responsibility.
[Ibid.]
From the undisputed facts, we are able to conclude that the owner of this property, Morristown Partners, entrusted the complete management of this building to The Linpro Company. As the building manager, it was The Linpro Company, acting through its employee Morreale, who assumed the role of prime contractor. The Linpro Company determined that suite renovations were necessary and it selected the subcontractors, Protective Electric and Nova Interiors, Inc. Within the ambit of OSHA, the prime contractor and a subcontractor may have joint responsibility. The absence of Protective Electric as a party defendant does not diminish the assessment of joint responsibility.
Plaintiff correctly distinguishes the general rule of Wolczak most recently applied in Cassano v. Aschoff, 226 N.J. Super. 110, 114, 543 A.2d 973 (App.Div.), certif. denied, 113 N.J. 371, 550 A.2d 476 (1988) by his reliance upon Meder v. Resorts Int'l Hotel, Inc., 240 N.J. Super. 470, 475, 573 A.2d 922 (App.Div. 1989), certif. denied, 121 N.J. 608, 583 A.2d 310 (1990). In Meder, we found "violation of the obligations imposed by [] federal regulations supports a tort claim under state law." Id. at 477, 573 A.2d 922.
The Meder decision was most recently revisited in Kane v. Hartz Mountain Indus. Inc., 278 N.J. Super. 129, 650 A.2d 808 (App.Div. 1994), where plaintiff, Kane, an employee of a subcontractor *556 sued a general contractor and the contractor's superintendent for injuries he sustained in the workplace. He claimed defendants failed to keep the premises reasonably safe and failed to comply with applicable federal and state safety codes. In Kane, we reviewed the general law of contractor liability. Id. at 813-15. We noted in reviewing the evolution of the current law that in Bortz v. Rammel, 151 N.J. Super. 312, 320, 376 A.2d 1261 (App. Div.), certif. denied, 75 N.J. 539, 384 A.2d 518 (1977), New Jersey's adoption of the Construction Safety Code had a substantial impact on previously recognized concepts of general contractor liability to employees of subcontractors. Kane, supra, at 813-14. The effect of regulatory standards on contract liability was further discussed in Meder, supra, 240 N.J. Super. at 475-77, 573 A.2d 922, wherein we recognized that the adoption of OSHA standards and the repeal of the Construction Safety Code did not affect the general philosophy articulated in Bortz. We repeated this observation in Kane at 813-14.
A finding of an OSHA violation does not ipso facto constitute a basis for assigning negligence as a matter of law. Id. at 814; See Restatement (Second) of Torts, § 288C (1965). However, the existence of a particular OSHA regulation as applied to the facts of this case is sufficient to defeat a grant of summary judgment in favor of defendants The Linpro Company and Morreale. The absence of any OSHA regulation imposing a specific affirmative duty on the property owner is sufficient to warrant the grant of summary judgment to defendant Morristown Office Partners. Additionally, plaintiff failed to assert any fact or regulation upon which a jury could impose liability on Nova Industries, Inc. Summary judgment was properly granted to both Morristown Office Partners and Nova Industries, Inc. Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67, 73, 110 A.2d 24 (1954).
The order granting summary judgment to defendants The Linpro Company and Morreale are reversed. The orders granting summary judgment to defendants Morristown Office Partners and Nova Industries, Inc. are affirmed.