656 A.2d 49

MICHAEL A. BOZZA, PLAINTIFF–APPELLANT, v. FORREST BUR-
GENER AND LOUISE BURGENER, DEFENDANTS–RESPON-
DENTS AND JOHN DOE 1–20 INCLUSIVE (ALL FICTITIOUS
PERSONS) AND ABC CORP., 1–20 INCLUSIVE (ALL FICTI-
TIOUS ENTITIES), DEFENDANTS.

GEORGE HUHN AND DEBRA HUHN, PLAINTIFFS–AP-
PELLANTS, v. FORREST BURGENER AND LOUISE
BURGENER, DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued October 13, 1994—Decided April 11, 1995.

Before Judges KING, MUIR, Jr. and EICHEN.

*Gail S. Boertzel* argued the cause for appellant Michael A. Bozza (*Stephen S. Weinstein,* P.C., attorney; *Ms. Boertzel,* on the brief).

*James D. Muirhead* argued the cause for appellants George Huhn and Debra Huhn (*Stephen S. Weinstein,* P.C., attorney; *Mr. Muirhead,* on the brief).

*Randi S. Greenberg* argued the cause for respondents Forrest Burgener and Louise Burgener (*Robert A. Auerbach,* attorney; *Ms. Greenberg,* of counsel, and on the brief).

No other parties participated in this appeal.

The opinion of the court was delivered by

EICHEN, J.S.C. (temporarily assigned).

Plaintiffs Michael Bozza (Bozza) and George Huhn (collectively plaintiffs) appeal in these consolidated personal injury actions from a summary judgment in favor of defendants Forrest Burgener and Louise Burgener, his wife (defendants). The cases present issues of landowner liability. Plaintiffs sued defendants for injuries allegedly sustained in an accident on June 27, 1989 while they were attempting to remove a large pane of glass from its frame at residential property owned by defendants.

Plaintiffs were employed by Huhn Burgener Construction Company on the date of the accident. George Huhn's brother, Douglas Huhn, and defendant Forrest Burgener were the principals of the company. The window removal project had been assigned to plaintiffs through Huhn Burgener Construction Company. The job involved removing two panes of glass from their window frames. The window panes were made of untempered glass, one-quarter inch thick, about seven or eight feet high and two-and-a-half feet wide, and were located about seven feet from the ground, just above the front door of the house. The exterior pane of glass was removed without incident by plaintiffs and another worker, Alphonzo Palacio (Palacio), with the assistance of defendant Forrest Burgener. After the first pane was removed, defendant Forrest Burgener left the property, and plaintiffs continued with the work, following the same procedure they had in removing the exterior pane. The glass broke into two pieces as plaintiffs were lowering it to the ground. Witnesses dispute exactly when and how the glass broke, but Palacio said the pane "became stuck on the side of the frame" and as they tried to "wiggle it free" it "snapped in the middle." There is no evidence in the record that the glass was defective.

Plaintiffs claimed they were only carpenters, inexperienced and unskilled in removing glass. The record reflects plaintiffs did not

discuss using or use any safety equipment such as tape, suction cups or work gloves in connection with the work. Plaintiffs' expert, Wayne Nolte, concluded in his report that "Mr. Forrest Burgener through his work, should certainly [have] know[n] the potential hazards associated with glass removal and [should have] provide[d] the adequate safety equipment."

Summary judgment was granted in favor of defendants because the judge concluded plaintiffs' proofs failed to establish a basis for holding them liable as landowners. The motion judge pointed out, "everything [defendant Forrest Burgener] might have done wrong as an employer was encompassed through the exclusive remedy of work[ers] compensation court. . . ." We agree and affirm.

We recently reiterated in *Kane v. Hartz Mountain Industries,* 278 *N.J.Super.* 129, 140, 650 *A.*2d 808 (App.Div.1994), the rules governing landowner liability when employees of a contractor are injured on the work site. There we restated the general rule that a "landowner has a non-delegable duty to use reasonable care to protect invitees against known or reasonably discoverable dangers." *Ibid.* However, we also acknowledged, absent certain exceptions, that a landowner is "not responsible for harm which occur[s] to an employee [of an independent contractor] as a result of the very work which that employee was hired to perform." *Ibid.* (recognizing the continued validity of this principle as stated in *Wolczak v. National Elect. Products Corp.,* 66 *N.J.Super.* 64, 168 *A.*2d 412 (App.Div.1961).) More recently, in *Izzo v. Linpro Co.,* 278 *N.J.Super.* 550, 554, 651 *A.*2d 1047 (App.Div.1995), we reaffirmed the principle "that [i]n the absence of interference by . . . [a landowner] in the performance of the independent contractor's work, the duty to insure that the job [is] performed in a safe manner [is] solely that of [the contractor's]." (quoting *Wolczak v. National Elect. Products Corp., supra,* 66 *N.J.Super.* at 77, 168 *A.*2d 412.)

In *Meder v. Resorts Int'l. Hotel,* 240 *N.J.Super.* 470, 573 *A.*2d 922 (App.Div.1989), *certif. denied,* 121 *N.J.* 608, 583 *A.*2d 310 (1990), we held the landowner liable because the owner was also

acting as the general contractor and, as such, had failed to provide a safe workplace. We concluded the landowner was responsible for injuries sustained by an employee of a sub-contractor because the landowner had failed to comply with the applicable regulations of the Occupational Health and Safety Administration (OSHA). *Id.* at 477, 573 *A.2d* 922. A similar situation existed in *Kane.* There, the landowner, Hartz Mountain Industries, Inc., was also the general contractor and, as such, had a non-delegable duty to maintain a safe workplace including compliance with applicable OSHA regulations. 278 *N.J.Super.* at 142–43, 650 *A.2d* 808.

Neither *Meder* nor *Kane* changed the rules governing landowner liability where the landowner is not the general contractor and no OSHA or other governmental violation is alleged. Thus, we noted in *Izzo, supra,* that because there was no "OSHA regulation imposing a specific affirmative duty on the property owner" summary judgment was properly granted. 278 *N.J.Super.* at 556, 651 *A.2d* 1047.

In this case, the record is clear the contractor was Huhn Burgener Construction Company, not defendant Forrest Burgener. Huhn Burgener Construction Company sent plaintiff to defendants' house to replace the glass pane. The fact that defendant Forrest Burgener happened to be a principal of the general contractor and may have assisted in removing the first pane of glass does not transform his status to one of general contractor even if he knew or should have known plaintiffs were not skilled glaziers. Moreover, assuming safety equipment should have been provided, it was Huhn Burgener Construction Company that failed to provide the equipment, not defendant Forrest Burgener, and based on this record he cannot be faulted for the contractor's omission, if any.

Plaintiffs argue that the facts presented on the summary judgment motion raised the inference that defendant Forrest Burgener had "exclusive control" of the project and that his participation in assisting in the removal of the first glass pane, coupled with his leaving the job before it was completed, are sufficient facts to

permit a jury to determine the issue of defendant Forrest Burgener's liability as a landowner. We disagree and conclude as a matter of law based on the evidence submitted on the motion that defendant Forrest Burgener's limited participation in the earlier work, including the fact he left the job to be completed by the other three workers, is not sufficient to create a genuine issue of material fact.

In *Sanna v. National Sponge Co.*, 209 *N.J.Super.* 60, 506 *A.*2d 1258 (App.Div.1986), we concluded the jury correctly found the landowner liable for injuries sustained by an employee of an independent contractor because: (1) the landowner failed to provide a reasonably safe place in which plaintiffs could work (the floors were greasy and probably accounted in part for the collapse of the scaffolding at the worksite), and (2) the owner had exercised control over and participated directly in the performance of the work by furnishing and removing sub-standard scaffolding materials. Likewise, in *Izhaky v. Jamesway Corp.*, 195 *N.J.Super.* 103, 106, 478 *A.*2d 416 (App.Div.1984), we concluded the landowner had liability because of its "active interference ... in the manner of doing the work" by removing a switchbox from a wall which exposed plaintiff to a live wire causing his electrocution. In addition, we observed that landowner liability may not lie where the owner has created, at least in part, an "operational hazard[ ]" which is "obvious and visible to the invitee upon ordinary observation." *Id.* at 107–08, 478 *A.*2d 416 (quoting *Wolczak v. National Elect. Products Corp., supra,* 66 *N.J.Super.* at 75, 168 *A.*2d 412.)

In this case, defendant Forrest Burgener's deposition testimony was that he knew nothing about construction work (he worked in the administrative end of the construction company). He testified he did not tell the workers how to do the job or in any way direct the manner of their performance and no evidence was offered to contradict this testimony. Bozza and Palacio testified they followed orders from George Huhn on the day of the accident. George Huhn did not testify that defendant Forrest Burgener had directed or changed the procedure of removing the glass. Bozza,

in fact, did not even remember that defendant Forrest Burgener had helped them lower the first glass pane. No reasonable inference of "control" or "interference" is raised from these facts. Moreover, to the extent plaintiffs contend defendant Forrest Burgener was negligent in leaving plaintiffs to continue the project with only three workers, we agree with the motion judge such conduct, even if negligent (and there is no competent expert evidence to suggest that it was), would be "encompassed through the exclusive remedy of work[ers] compensation court...."

■ To the extent removal of the glass presented an "operational hazard," there is no evidence that defendant Forrest Burgener created the hazard. Moreover, even if such hazard existed, it was "obvious and visible to the [plaintiffs] upon ordinary observation." *Izzo v. Linpro Co., supra,* 278 *N.J.Super.* at 553, 651 *A.*2d 1047 (relying on *Izhaky* ). Here, plaintiffs were brought to the workplace by their employer, Huhn Burgener Construction Company, to remove glass from a window frame. The danger of glass breaking was inherent in the very job which they were required to perform. *Kane v. Hartz Mountain Industries, supra,* 278 *N.J.Super.* at 140, 650 *A.*2d 808. There was no evidence the glass was defective or, if it was, that defendant Forrest Burgener was aware of the defect. Nor was there evidence that he failed to comply with any governing OSHA regulations. *See Meder, supra,* 240 *N.J.Super.* at 477, 573 *A.*2d 922; *Izzo, supra,* 278 *N.J.Super.* at 556, 651 *A.*2d 1047. Thus, plaintiffs failed to present any evidence that defendants, as landowners, had not provided a "reasonably safe place to work." *Izhaky v. Jamesway Corp., supra,* 195 *N.J.Super.* at 106, 478 *A.*2d 416.

We conclude the grant of summary judgment was proper. There was no genuine issue of material fact presented. *R.* 4:46–2 and 5. Plaintiffs' proposed proofs did not spell out a breach of duty which a jury could reasonably find was a proximate cause of the accident and plaintiffs' alleged injuries.

■ Finally, we note this is not a *res ipsa loquitur* case. For that doctrine to apply, three elements must be met: (1) the

occurrence itself ordinarily bespeaks negligence; (2) the instrumentality causing the injury was within the defendant's exclusive control; and (3) there is no indication that the injury was a result of the plaintiff's own voluntary act or neglect. *Brown v. Racquet Club of Bricktown,* 95 *N.J.* 280, 288, 471 *A.*2d 25 (1984). None of these criteria was met here.

Affirmed.