■ MICHAEL MITCHELL, Respondent, v ROUTE 21 ASSOCIATES et al., Appellants, PEER CONSTRUCTION CORP., Respondent, et al., Defendant. (And a Third-Party Action.) [650 NYS2d 288] —In an action to recover damages for personal injuries, the defendants Route 21 Associates and Max Finkelstein, Inc., appeal from an order of the Supreme Court, Kings County (Belen, J.), dated November 8, 1995, which denied their motion for summary judgment to dismiss the complaint and cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with one bill of costs, the motion is granted, the complaint and cross claims are dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

The plaintiff, employed by the third-party defendant Rapid Dismantling Corporation, was injured while removing asbestos from a warehouse located in New Jersey which was owned by the appellant Route 21 Associates and leased by the appellant Max Finkelstein, Inc. The parties do not dispute that New Jersey law applies to this case *(see generally, Huston v Hayden Bldg. Maintenance Corp.,* 205 AD2d 68).

Under New Jersey law, a landowner has a nondelegable duty to use reasonable care to protect invitees against known or reasonably discoverable dangers. However, a landowner is not responsible for harm which occurs to an employee of an independent contractor as a result of the very work which that employee was hired to perform. In the absence of interference by a landowner in the performance of an independent contractor's work, the duty to insure that the job is performed in a safe manner is solely that of the contractor *(see, Bozza v Burgener,* 280 NJ Super 583, 656 A2d 49; *Izzo v Linpro Co.,* 278 NJ Super 550, 651 A2d 1047; *Wolczak v National Elec. Prods. Corp.,* 66 NJ Super 64, 168 A2d 412).

Upon our review of the record, we conclude that the appellants made a prima facie showing of entitlement to judgment as a matter of law. The appellants' representative testified at an examination before trial that the appellants exercised no supervision or control over the work performed. A representative of the defendant Peer Construction Corporation (hereinafter Peer), a licensed asbestos removal contractor hired by the appellants to remove the asbestos, testified that Peer's own employee acted as the sole supervisor of the work performed.

In opposition, the plaintiff-respondent and the defendant-respondent rely upon paragraph five of the contract between the appellants and Peer, which stated that the appellants would provide, *inter alia,* "all necessary authorized personnel

to perform any task necessary to facilitate" Peer's work. However, that paragraph specifically provided that, "[i]t is understood that [the appellants'] personnel will not be part of work required to remove asbestos". The respondents' reliance upon the testimony of a representative of the plaintiff's employer, Charles Christie, who claimed he was told that an employee of the appellants, Tom Caggiano, supervised the work, is also to no avail. When read in its entirety, it is clear from Christie's testimony that he was informed merely that Caggiano told the workers where the work was to be performed, not how the work was to be performed. Moreover, Caggiano submitted an affidavit in which he specifically denied that he supervised the work performed.

Accordingly, the repondents have failed to raise a triable issue of fact as to whether the appellants supervised and controlled the work performed and the appellants should have been awarded summary judgment *(see, Bozza v Burgener, supra)*. Rosenblatt, J. P., Thompson, Santucci and Altman, JJ., concur.