■ Jan Marchevka, Respondent, v DeBartola Capital Partnership et al., Appellants. (And a Third-Party Action.) [771 NYS2d 524]—

In an action to recover damages for personal injuries, the defendants appeal from so much of an order of the Supreme Court, Queens County (Golia, J.), dated August 26, 2002, as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, with costs, the motion is granted, and the complaint is dismissed.

Although the point is uncontested, the Supreme Court correctly concluded that the law of the State of New Jersey should apply to the plaintiff's causes of action since the site of the injury was located in New Jersey (*see Castrillon v ERM-*

*Northeast, Inc.,* 242 AD2d 654 [1997]; *see also Padula v Lilarn Props. Corp.,* 84 NY2d 519 [1994]). Under New Jersey law, a landowner has no duty to protect an employee of an independent contractor from the very hazard created by the doing of the contract work, provided that the landowner does not retain control over the means and methods of the execution of the project (*see Muhammad v New Jersey Tr.,* 176 NJ 185, 821 A2d 1148 [2003]; *Mitchell v Route 21 Assoc.,* 233 AD2d 485 [1996]). The plaintiff's employer, Bucks Environmental, Inc. (hereinafter Bucks), subcontracted an asbestos abatement project from Bristol Environmental, Inc. (hereinafter Bristol). Under the terms of the subcontract, Bucks, as an independent business, was carrying out its work independent of either the appellants or Bristol. Accordingly, the plaintiff was an employee of an independent contractor (*see Muhammad v New Jersey Tr., supra; Bahrle v Exxon Corp.,* 145 NJ 144, 678 A2d 225 [1996]).

The appellants established their prima facie entitlement to judgment as a matter of law by demonstrating that they did not violate any duty which they owed to the plaintiff as an employee of an independent contractor. Contrary to the plaintiff's contention in opposition to the motion, he was injured while performing duties in furtherance of the asbestos abatement operation in which the appellants exercised no control over the means and methods of the execution of the project (*see Muhammad v New Jersey Tr., supra; Mitchell v Route 21 Assoc., supra; Majestic Realty Assoc. v Toti Contr. Co.,* 30 NJ 425, 153 A2d 321 [1959]). Therefore, the plaintiff failed to raise a triable issue of fact in opposition to the appellants' establishment of their entitlement to judgment as a matter of law. Ritter, J.P., Florio, Smith and H. Miller, JJ., concur.