■ JOSEPH MAZZELLA, Appellant, v SOCONY MOBIL COMPANY, INC., et al., Respondents. [790 NYS2d 45]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Nicolai, J.), entered July 24, 2003, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

While in a gasoline station in the State of Rhode Island owned by the defendants, Socony Mobil Company, Inc., and Mobil Oil Corp. (hereinafter collectively referred to as Exxon Mobil), the plaintiff became entangled in the hose of a gas pump on a pump

island and fell while walking towards and extending his credit card to his friend, who was pumping gasoline into the plaintiff's van.

Applying the law of Rhode Island (*see Marchevka v DeBartola Capital Partnership,* 3 AD3d 477, 477-478 [2004]; *Castrillon v ERM-Northeast, Inc.,* 242 AD2d 654 [1997]) the Supreme Court correctly determined that Exxon Mobil established its prima facie entitlement to summary judgment by demonstrating that it did not violate a duty owed to the plaintiff because there was no proof of a dangerous condition (*see Tancrelle v Friendly Ice Cream Corp.,* 756 A2d 744, 752 [RI 2000]; *McLaughlin v Moura,* 754 A2d 95, 98 [RI 2000]). Contrary to the plaintiff's contention in opposition to the motion, he presented no sufficiently probative evidence that his injury resulted from a dangerous condition posed by the gasoline pump hose (*see Ferguson v Wayland Manor Assoc.,* 771 A2d 888, 892 [RI 2001]; *Montuori v Narragansett Elec. Co.,* 418 A2d 5, 10 [RI 1980]). Therefore, the plaintiff failed to raise a triable issue of fact, and the defendants' motion was properly granted. Krausman, J.P., Mastro, Rivera and Skelos, JJ., concur.