226 N.J. Super. 110 (1988)
543 A.2d 973
JAMES CASSANO, PLAINTIFF-APPELLANT,
v.
WALTER ASCHOFF, DEFENDANT, AND LOIS DECARLO IMPROPERLY PLEADED AS LOUIS DECARLO, ROBERT DECARLO AND MANOR BEVERAGES, INC. T/A MANOR BEVERAGES, DEFENDANTS-RESPONDENTS. LOIS DECARLO AND ROBERT DECARLO, THIRD PARTY PLAINTIFFS-RESPONDENTS,
v.
CHARLES GERMAINE, THIRD PARTY DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 9, 1988.
Decided June 27, 1988.
*112 Before Judges PRESSLER, BILDER and GIBSON.
Michael J. Breslin Jr. argued the cause for appellant (Breslin & Higgins, attorneys; Michael J. Breslin Jr. and Mark P. Marotta on the brief).
Meryl J. Topchik argued the cause for respondent Manor Beverages, Inc. (Mandelbaum, Salsburg, Gold, Lazris, Discenza & Steinberg, attorneys).
William C. Bochet argued the cause for respondent DeCarlo (Muscarella, Hirschklau, Bochet, Feitlin, Trawinski & Edwards, P.C., attorneys).
The opinion of the Court was delivered by GIBSON, J.S.C. (temporarily assigned).
By this appeal plaintiff seeks to impose liability on landowners for injuries he sustained while an employee of an independent contractor. Among other things, plaintiff seeks to impose that liability based on the landowners' hiring of an independent contractor who was financially insecure. The trial court dismissed the claim at the end of plaintiff's case pursuant to R. 4:37-2(b). We affirm.[1]
Plaintiff James Cassano was severely injured when struck by a falling tree limb during the course of his employment with Walter Aschoff. According to the plaintiff's proofs, Aschoff is an independent contractor engaged in the tree removal business who was hired by co-defendants Robert DeCarlo and Manor Beverages to remove a large tree from their common property line. Although Aschoff had considerable experience, having worked for others in the tree-removal business for many years, *113 this was one of the first jobs he had undertaken on his own. Before commencing the work, he had promised DeCarlo and Manor Beverages that he would assume full responsibility for the conduct of the job. Although he also represented that he was fully insured, he failed to produce proof of insurance and in fact, was covered neither by liability nor workers' compensation insurance.
Plaintiff submitted no evidence regarding any prior acts of negligence by Aschoff or impugning his reputation for competency, financial or otherwise. Nor did plaintiff testify to any inquires that he had made on these subjects. Nor, except for their awareness of his failure to produce evidence of insurance, was there any evidence that the property owners had reason to believe that Aschoff was not a competent and responsible contractor. Although, as it turned out, he performed the job negligently and was uninsured, we agree with the trial judge's conclusion that without more, these facts do not establish a basis for imposing liability on the landowners.[2]
It has long been the rule in New Jersey and elsewhere that one who hires an independent contractor is not responsible for the latter's negligent acts. Majestic Realty Associates, Inc. v. Toti Contracting Co., 30 N.J. 425, 431 (1959); Prosser & Keeton, Torts (5th ed. 1984) Section 71 at 509. Exceptions to the rule are recognized where one retains control over the manner and means by which the work is to be performed, where the work constitutes a nuisance per se or where one knowingly engages an incompetent contractor. Majestic Realty Associates v. Toti Contracting Co., supra at 431; Terranella v. Union Bldg. & Construction Co., 3 N.J. 443, 446-447 *114 (1950); Izhaky v. Jamesway Corp., 195 N.J. Super. 103 (App.Div. 1984).
In this case, plaintiff does not claim that the property owners retained any control over the manner and means by which their contractor was to do the work or that they in any way intruded upon or affected his performance. Nor is it claimed that the work was a nuisance or inherently dangerous. Instead plaintiff argues that respondents should be liable because they hired an incompetent contractor and in particular, a financially unstable one. We find these arguments unpersuasive as a matter of fact and of law.
It is not enough that plaintiff proved that Aschoff performed this job incompetently or even that his proofs may have raised a factual question regarding Aschoff's incompetence. See e.g. Matanuska Electric Association, Inc. v. Johnson, 386 P.2d 698, 701 (Alaska 1963). The fact that a contractor is negligent or incompetent in the manner in which he performs a particular job does not mean that he is incompetent generally. More to the point, Aschoff's poor performance was only known by these landowners in retrospect. The proofs presented regarding Aschoff's experience and reputation did not impute any knowledge to the property owners, actual or constructive, that Aschoff lacked the skill to perform competently. Thus, despite plaintiff's claims to the contrary, nothing was known by these property owners which would, in the exercise of due care, have caused them to conclude or have alerted them that the contractor they were hiring was incompetent. Compare cases collected in Annot., "Negligence in Hiring Independent Contractor," 78 A.L.R.3d 910 (1977).
Although as appellant correctly points out, respondent's status as landowners imposed upon them a non-delegable duty to use reasonable care to protect invitees against known or reasonably discoverable dangers, Wolczak v. National Elec. *115 Products Corp., 66 N.J. Super. 64, 73 (App.Div. 1961), and although independent contractors and their employees are generally the beneficiaries of that duty, plaintiff has never claimed that defendants' property was dangerous or that the work by itself created a dangerous condition.[3] Even if the work did create a dangerous condition, the landowner's duty to invitees does not by itself protect employees from the very dangers that their work creates. See Izacky v. Jamesway Corp., supra; Wolczak v. National Elec. Products Corp., supra at 75; Mergel v. Colgate-Palmolive-Peet Co., 41 N.J. Super. 372, 379 (App.Div. 1956). See also 2 Harper & James, Torts, Section 2.14 p.p. 1175-1179 (1956). As pointed out by Judge Dreier in Donch v. Delta Inspection Services, Inc., 165 N.J. Super. 567, 572-573 (Law Div. 1979), there is a disagreement among the jurisdictions as to whether landowner liability for a dangerous condition created by a contractor's work extends to the employees of the contractor as well as the general public. In New Jersey, however, our courts have followed the rule to which we continue to adhere, that landowner liability does not extend to employees of an independent contractor whose injury results from the very risks which are inherent to the work they were hired to perform. Thus, as Judge Dreier observed:
The landowner may assume that the worker, or his superiors, are possessed of sufficient skill to recognize the degree of danger involved and to adjust their methods of work accordingly. Thus ... the duty to provide a reasonably safe working place for employees of an independent contractor does not relate to known hazards which are part of or incidental to the very work the contractor was hired to perform. (Donch v. Delta Inspection Services, Inc., supra at 574 [398 A.2d 925] quoting from Wolczak v. National Electric Prod. Corp., supra [66 N.J. Super.] at 75.)
*116 Compare Izhaky v. Jamesway Corp., supra, where liability was based on the landowner's conduct in affecting conditions at the job site.
The remaining question is whether the contractor's lack of insurance and financial instability impacts on the property owners' duty. Stating it differently, is financial instability equivalent to or a category of incompetence? Plaintiff argues that it is and relies on dicta from Majestic Realty and the majority holding in Becker v. Interstate Properties, 569 F.2d 1203 (3rd Cir.1978) cert. den., 436 U.S. 906, 98 S.Ct. 2237, 56 L.Ed.2d 404 (1978). In Majestic Realty Associates, Inc. v. Toti Contracting Co., supra 30 N.J. at 432-433, the Supreme Court, by way of "incidental comment," observed that concepts of distributive justice might support the imposition of liability against those who hire financially irresponsible contractors if the contractor injures an innocent third party. Although no court in this state, either before Majestic, or in the intervening ninteen years had chosen to apply that concept, the majority in Becker nevertheless predicted that future New Jersey courts would do so. No court has since chosen to follow that lead. In these circumstances, nor do we.[4]
Central to the rationale for this proposed expansion of landowner liability is the notion that the burden for accidental losses should be borne by those best able to bear and distribute them. Becker v. Interstate Properties, supra at 1211. A second assumption is that although both the victim and the property owner are innocent of active wrongdoing, at least the latter has the power of selection. Ibid. As to the first ground, it is by no means clear that property owners will always, or even usually, be able to better bear the burden of a loss. *117 Matanuska Electrical Association, Inc. v. Johnson, supra at 703. Moreover, as Judge Hunter pointed out in his dissent in Becker, our courts have never defined the scope of a tort duty based on an individual's financial capabilities. Becker v. Interstate Properties, supra at 1216.
As to the assumptions based on the total innocence of the victim versus the property owner's power of selection, we note that whatever relevance that factor may have generally, it is of no application here. Plaintiff is the contractor's own employee, not an innocent third person. Generally an employee is in at least as good a position as the property owner, if not in a superior position, to judge the contractor's competence and financial stability. The same is true regarding the employee's ability to take steps to avoid the loss. See Matanuska Electrical Association, Inc. v. Johnson, supra at 704. Judge Dreier addressed a similar question in Donch in which the plaintiff there sought to apply the "inherently dangerous" exception in favor of the contractor's employees. Judge Dreier rejected that claim for reasons we believe are equally persuasive here.
Among the grounds relied upon by Judge Dreier which we believe is also applicable here, is the impact of the workers' compensation system. Donch v. Delta Inspection Services, Inc., supra 165 N.J.Super at 574. By creating that system, our legislature has guaranteed a remedy for employees injured on the job regardless of fault. Any employer who fails to provide that protection is liable for criminal and civil penalties. N.J.S.A. 34:15-79. Since employers of independent contractors have the right to assume that their contractor will comply with that law, the imposition of vicarious liability where the contractor fails to do so, runs counter to the policy of the workers' compensation system and subverts the reasonable expectations of the parties. Donch v. Delta Inspection Services, Inc., supra at 574-575.
*118 Although the legislature has embraced a limited form of secondary liability for employers of uninsured subcontractors, N.J.S.A. 34:15-79, thus far it has opted to confine that responsibility to general contractors who hire them. Bertucci v. Metropolitan Const. Co., 21 N.J. Super. 318 (App.Div. 1952). Property owners such as the respondents who dealt directly with the contractor doing the work, have been held not to be "contractors" for the purposes of that provision. Brygidyr v. Rieman, 31 N.J. Super. 450, 454 (App.Div. 1954). If the secondary liability provided by N.J.S.A. 34:15-79 is to be expanded to include persons such as these landowners, that judgment is best left to the legislature. See Judge Hunter's dissent in Becker v. Interstate Properties, supra at 1216; Matanuska Electrical Association, Inc. v. Johnson, supra at 703.
Finally with respect to appellant's claim regarding the insufficiency of the trial court's award against the contractor, we find that position to be similarly without merit. Plaintiff's injuries and his resulting disability were severe, but we cannot say that the award below clearly and convincingly represents a miscarriage of justice. Baxter v. Fairmont Food Co., 74 N.J. 588, 596 (1977); Cowan v. Doering, 215 N.J. Super. 484, 496 (App.Div. 1987). We would also note that plaintiff's remedies under the Workers' Compensation Act are "exclusive," Tremonte v. Jersey Plastic Molders, Inc., 190 N.J. Super. 597, 600 (App.Div. 1983), and not enhanced because plaintiff's employer was uninsured. Cf. N.J.S.A. 34:15-79. The trial court appears to have assumed that the exclusivity of those remedies was an affirmative defense waived by the contractor's failure to answer. We would question whether an action at law against a negligent employer lies at all. However, since that issue was not raised below or as part of this appeal, we need not address it.
Affirmed.
NOTES
[1] The plaintiff also joined the independent contractor as a defendant but he defaulted in the trial court and has not joined in this appeal. Although the trial court entered a judgment against the contractor in the amount of $300,000, plaintiff now challenges the award as against the weight of the evidence.
[2] Plaintiff also argues that Aschoff's part-time status, his need for a larger truck to haul the debris and his willingness to do the job for only $400 made his selection unreasonable, but we cannot agree that these factors bespeak incompetence or create a factual question on that issue.
[3] It may be argued that under certain circumstances the removal of a tree will create a dangerous condition and/or constitute a nuisance, but no such argument was made here. As to what constitutes an inherently dangerous condition, see Majestic Realty Associates, Inc. v. Toti Contracting Co., supra, 30 N.J. at 435.
[4] For examples of instances where this concept has been rejected see Miltz v. Burroughs-Shelving, a Div. of Lear, 203 N.J. Super. 451, 466 (App.Div. 1985); Matanuska Electrical Association, Inc. v. Johnson, supra and Stone v. Pinkerton Farms, Inc., 741 F.2d 941, 947 (7th Cir.1984); see generally 41 Am.Jur.2d, Independent Contractors Section 26 at p. 781 and Restatement, Torts 2d, Section 411 which has declined to speak to the issue.