JUSTICE RICE,
dissenting.
¶23 I believe the Court extends our premises liability precedent to a point that is ill-conceived. When this Court abandoned the “trichotomy” of traditional entrant categories of invitee, licensee, and trespasser in favor of a single, uniform standard, it was not done, in my view, with the purpose of imposing on landowners a universal duty of care to every entrant, regardless of the facts or circumstances. Because I believe the Court’s decision in this case is so founded, and is contrary to the sound public policy of not imposing duties for hazards inherent in the work an independent contractor was hired to do, I dissent.
¶24 To prove negligence in a premises liability case, a plaintiff must establish: (1) duty, (2) breach of duty, (3) causation, and (4) damages. Richardson v. Corvallis Pub. Sch. Dist. No. 1, 286 Mont. 309, 313, 950 P.2d 748, 751 (1997). The “existence of a legal duty is a question of law to be determined by the court.” Fisher v. Swift Transp. Co., 2008 MT 105, ¶ 16, 342 Mont. 335, 181 P.3d 601. Usually, when determining whether a duty exists, we “consider whether the imposition of that duty comports with public policy, and whether the defendant could have foreseen that his conduct could have resulted in injury to the plaintiff.” Fisher, ¶ 17. However, in the context of premises liability we have eschewed this task, and, instead imposed the very broad rule that a premises owner “ ‘has a duty to use ordinary care in maintaining his premises in a reasonably safe condition and to warn of any hidden or lurking dangers.’ ” Richardson, 286 Mont. at 313, 950 P.2d at 751 (quoting Brown v. Demaree, 282 Mont 479, 482, 901 P.2d 567, 569 (1995) (collecting Montana cases)). This rule imposes upon a landowner a duty of care to everyone, regardless of the facts. Although the Court acknowledges an exception to this rule for construction cases, it permits no exception here, holding that “it is not material to an analysis of duty or liability whether Streichen was an independent contractor, or a Bresnan employee, or a Bresnan customer, or a person delivering mail or packages to Bresnan.” Opinion f 16. I believe this one-size-fits-all duty of care to everyone is an overbroad statement of the law of duty and a product of haste to simplify premises liability law.
*177 ¶25 Courts and commentators have noted that courts have been reluctant to abolish the trichotomy precisely because of the possibility it could detrimentally oversimplify premises liability law:
[The recent shift back toward specific entrant rules] may reflect a more fundamental dissatisfaction with certain developments in accident law that accelerated during the 1960s-the reduction of whole systems of legal principles to a single perhaps simplistic, standard of reasonable care, the sometimes blind subordination of other legitimate social objectives to the goals of accident prevention and compensation, and the commensurate shifting of the decisional balance of power to the jury from the judge.
W.P. Keeton, Prosser & Keeton on the Law of Torts 433-32 (West, 5th ed., 1984); see also Carter v. Kinney, 896 S.W.2d 926, 930 (Mo. 1995) (en banc) (quoting the above passage and reasoning that abandoning all questions of duty based on the situation of entrant for the “amorphous ‘reasonable care under the circumstances’ standard seems-to put it kindly-improvident.”). While this one-size-fits-all rule of duty is admittedly simple, it is illogically broad.
¶26 There are situations where the specific hazard and the relationship between the landowner and the entrant warrant a finding of no duty as a matter of law. One practical exception recognized by courts is when the entrant is injured by hazards attendant with the very job for which the landowner asked the entrant to enter the premises:
Landowner liability does not extend to employees of an independent contractor whose injuries result from the very risks which are inherent in the work which they are hired to perform. Where an individual’s injury arises out of the performance of work for which an independent contractor is employed and while that activity is being conducted by and under the control of the independent contractor, the duty to protect the independent contractor’s employees is that of the contractor and not the owner or occupier.
2 Premises Liability: Independent Contractors and Their Employees § 39:7 (West 3d ed., 2002); Jones v. Chevron, 718 P.2d 890, 894 (Wyo. 1986) (“An owner is not obligated to protect the employees of an independent contractor from hazards which are incidental to, or part of, the very work the contractor was hired to perform.”); Baum v. Rowland, 281 A.D. 964, 120 N.Y.S.2d 620 (1953) (“Plaintiff, having undertaken to repair the plaster on the ceiling, assumed the risk that it might fall, so that there was no duty owed to him, as would have been the case toward other types of invitees upon the premises.”); *178 Cassano v. Aschoff, 543 A.2d 973, 976 (N.J. Super. 1988) (noting that New Jersey continues to adhere to rule that “landowner liability does not extend to employees of an independent contractor whose injury results from the very risks which are inherent to the work they were hired to perform.”). In Cassano, the plaintiff worked for an independent contractor engaged in the tree-removal business. Cassano, 543 A.2d at 974. While removing trees from the property, he was struck by a falling tree limb and injured. He sued the landowner under a general premises liability theory that the landowner owed “a non-delegable duty to use reasonable care to protect invitees against known or reasonably discoverable dangers[.]” Cassano, 543 A.2d at 975. The court acknowledged this was the general rule, but held it did not extend to the specific circumstances of the case because landowners do not owe a duty to protect independent contractors from dangers inherent in the job they were hired to perform. Cassano, 543 A.2d at 975. Such is the case here.
¶27 Bresnan hired Steichen as an “independent contractor” to clean its office. Opinion, ¶ 3. As part of his duties, Steichen emptied garbage, cleaned tables, vacuumed, buffed floors, and cleaned the men’s and women’s bathrooms. Part of his cleaning of the bathroom required him to mop and wax the floors. Steichen had extensive experience with the plumbing leaks in the bathroom. As the District Court noted, Steichen asserted that “the urinal was always dripping,” that the toilet was “constantly leaking,” and that he “could almost assume it would flood every day.” It was his job to routinely mop up the water from the bathroom floor, and there is no allegation that the leaking that allegedly caused his fall was out of the ordinary.
¶28 As noted above, duty is supposed to be a matter of law for the court to decide, taking into consideration public policy and foreseeability. Fisher, ¶ 17. This task requires courts to determine whether it is proper to impose a duty upon landowners in consideration of the circumstances, including the parties’ relationships. Under that inquiry, I would answer no. It is illogical and poor policy to require a landowner to protect independent contractors from hazards inherent in the very job the contractor was hired to perform.
¶29 I would affirm the District Court.