**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2781-23

AL-JAQUAN LEWIS,

    Plaintiff-Appellant,

v.

ISAIAH M. DICKS, VINO
TRUCKING, VINO'S TRUCKING
CORP., ROYAL WINE
CORPORATION, and DAVID
AHARON,

    Defendants-Respondents,

and

RYDER TRUCK RENTAL, INC.,
MIRANDA MICHEL, SOUTHERN
GLAZERS, INC., SOUTHERN
GLAZERS 1, LLC, SOUTHERN
GLAZER'S LEASING, LLC,
SOUTHERN GLAZER'S WINE AND
SPIRITS OF NEW JERSEY, LLC,
and LEGEND SPIRITS, LLC,

    Defendants.

_____

Argued September 9, 2025 – Decided October 8, 2025

Before Judges Sumners and Chase.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-1718-22.

John E. Molinari argued the cause for appellant (Blume, Forte, Fried, Zerres & Molinari, PC, attorneys; John E. Molinari, on the briefs).

Patricia M. McDonagh argued the cause for respondent Isaiah M. Dicks (Marshall Dennehey, PC, attorneys; Patricia M. McDonagh, on the brief).

Nancy B. Appel argued the cause for respondent Royal Wine Corporation (Law Offices of James H. Rohlfing, attorneys; Nancy B. Appel, on the brief).

Joseph G. LePore argued the cause for respondents Vino's Trucking, Vino's Trucking Corp, and David Aharon (LePore Luizzi, LLC, attorneys; James LePore and Joseph G. LePore, on the brief).

PER CURIAM

Plaintiff Al-Jaquan Lewis seeks to recover personal injury damages from defendants Isaiah M. Dicks, Vino Trucking, Vino Trucking Corp., David Aharon[1] (collectively Vino Trucking), and Royal Wine Corporation arising from a motor vehicle accident. The motion court granted Royal Wine summary judgment on June 23, 2023, dismissing Lewis' complaint with prejudice based

---

[1] For convenience and to avoid confusion, we hereafter refer to David Aharon by his first name because he has the same last name as his father Shmuel, president of Vino Trucking. We mean no disrespect.

on the bar imposed by N.J.S.A. 34:15-18 of the Workers' Compensation Act (WCA), N.J.S.A. 34:15-1 to -142. For the same reason, the court granted Vino Trucking summary judgment on October 13, 2023, dismissing Lewis' complaint with prejudice, and denied Lewis' motion for reconsideration on April 26, 2024. Lewis appeals these orders.[2]

We reverse and remand the June 23, 2023 order dismissing the complaint against Royal Wine because there is a genuine issue of material fact concerning Royal Wine's relationship with Vino Trucking bearing upon whether it owed a duty of care to Lewis that, if breached, could make Royal Wine liable for his

---

[2] As a threshold matter, we observe that notwithstanding Lewis' case information statement and the parties' arguments on appeal regarding the June 23, 2023 and April 26, 2024 orders, Lewis' notice of appeal only indicates appeal of the October 13, 2023 order. Rule 2:5-1(f)(3)(A) requires the notice of appeal to include all orders for which review is sought. However, we consider the June 23 and April 26 orders because the motion court's findings regarding these orders were intertwined with the court's findings granting the October 13 order. See North Jersey Neurosurgical Assocs., P.A. v. Clarendon Nat'l Ins. Co., 401 N.J. Super. 186, 196 (App. Div. 2008) (permitting argument concerning an order not specified in the notice of appeal where the earlier issue continued to be raised in the present appeal). We further conclude it is in the interest of justice to consider all issues raised regarding the dismissal of the complaint against Royal Wine and Vino Trucking. See Fusco v. Bd. of Educ., 349 N.J. Super. 455, 461 (App. Div. 2002) (recognizing that in some situations, "the basis for the motion [court's] ruling on the summary judgment and reconsideration motions may be the same. In such cases, an appeal solely from the grant of summary judgment or from the denial of reconsideration may be sufficient for an appellate review of the merits of the case.").

injuries. We, however, affirm the October 13, 2023 and April 26, 2024 orders dismissing the complaint against Vino Trucking because we conclude Lewis was an employee of Vino Trucking at the time of the accident and subject to the worker's compensation bar. Yet, Vino Trucking remains a party subject to Royal Wine's cross-claims against Vino Trucking.

I

We summarize the pertinent facts and procedural history based on the motion record, in a light most favorable to Lewis as the non-moving party for summary judgment. See R. 4:46-2(c); Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

On April 6, 2020, Lewis was a passenger in a Vino Trucking box truck driven by Dicks which collided with another vehicle in Montclair, causing Lewis serious injury. Dicks was employed by Vino Trucking, which rented the truck from Ryder Truck Rental, and was delivering wine and spirits (products) for Royal Wine when the accident occurred.

On April 28, Lewis filed a workers' compensation claim petition, asserting he was employed by Vino Trucking as "delivery driver assistant," earning $400 to $500 per week—regularly working Tuesday to Friday, with occasional

Monday shifts.[3]  Because Vino Trucking did not have workers' compensation insurance coverage in New Jersey,[4] Royal Wine sought coverage for Lewis' claim against Vino Trucking from its insurance provider, Travelers.  Travelers determined that although Royal Wine did not employ Lewis, it would cover his claim because "[Royal Wine], as the [g]eneral [c]ontractor . . . hired and used Vino Trucking . . . on a regular basis."

On December 14, 2022, Lewis' workers' compensation claim settled for $101,976.  Five months later, an order was entered approving the settlement and dismissing Lewis' claim for an additional $40,000.

While his workers' compensation claim was pending, Lewis filed a civil negligence complaint in the Law Division on March 16, 2022, alleging defendants Vino Trucking and Royal Wine, as well as other parties not involved in this appeal, breached their duty of care that proximately caused his injuries. Lewis specifically contended defendants' negligent entrustment of the box truck

---

[3] Lewis' workers' compensation claim affidavit stated:  "I had been hired as an assistant on this 'box truck' and I would work these wine deliveries daily, and my typical work week was from Tuesday to Friday.  However, I would occasionally work certain Mondays if there were additional deliveries that needed to be completed."

[4] According to Shmuel, Vino Trucking was pursuing a claim against its insurance agent for its lack of workers' compensation coverage.

A-2781-23

driven by Dicks—by failing to properly screen Dicks' employment and properly train Dicks—was the proximate cause of his injuries.

On April 3, 2023, before the discovery period ended, Royal Wine moved for summary judgment. While the motion was pending, David was deposed.

David testified that he assumed management of Vino Trucking from his father Shmuel in 2018. He stated that at the time of the accident, Vino Trucking was the exclusive deliverer of Royal Wine's products to retailers in New York and New Jersey. He acknowledged the majority of Vino Trucking's trucks parked at no charge on Royal Wine's parking lot but claimed Royal and Vino Trucking are separate entities. He said that Royal Wine is Vino Trucking's "main customer," accounting for eighty to ninety percent of Vino Trucking's business, with the remainder being with Riedel Glassware for Southern Wine.[5]

On June 23, the motion court entered an order granting Royal Wine summary judgment dismissal of the complaint with prejudice.

On July 20, Shmuel was deposed. He described Vino as "a subcontractor . . . under the license of Royal Wine," and stated they have had a continuous "handshake" agreement since he started Vino Trucking about thirty-three years

---

[5] Pled in the complaint as defendants Southern Glazers, Inc., Southern Glazers LLC 1, Southern Glazer's Leasing, LLC, and Southern Glazer's Wine and Spirits of New Jersey, LLC. These defendants are not parties to this appeal.

ago. Shmuel also revealed that Vino Trucking and Royal Wine entered into a written agreement[6] in either 2020 or 2021, which did not override the handshake agreement but was intended to assure Royal wine that Vino Trucking would be responsible for all damages that Royal Wine may face for anything that happens with Vino Trucking as its subcontractor." According to Shmuel, the written agreement led Royal Wine to provide workers' compensation coverage for Lewis' claim. Shmuel stated:

> [M]y agreement with Royal Wine . . . [is] we will pay . . . whatever [it] need[s] to pay, . . . [if] anything would happen with my trucks and [Royal Wine is] going to get sued, [Vino Trucking] need[s] to pay for it. Then [Royal Wine's workers' compensation] insurance company kicked in."

He confirmed Vino Trucking repaid Royal Wine for the claim benefits paid to Lewis, as well as Dicks, through Royal Wine's workers' compensation insurance coverage, totaling "up to $150,000."

As for Lewis' status with his company, Shmuel said David hired him as a Vino Trucking employee working as a "helper" when needed, without benefits, typically four days a week, and paid him in cash. He admitted his company kept

---

[6] The date is unclear because in the agreement, "2020" was crossed out with "2021" handwritten over it.

no record of Lewis' working history, explaining "helpers com[e] and go[] like crazy," so they are not on the books.

About a month later, Vino Trucking moved for summary judgment dismissal. After argument on October 13, the motion court entered an order granting the motion, stating in its oral decision that Lewis' receipt of workers' compensation benefits barred his action under N.J.S.A. 34:15-18.

The court, however, stayed its order to allow Lewis to take Dicks' deposition within fourteen days and file a motion for reconsideration within thirty days thereafter "if the deposition reveals contrary facts as to [Lewis' employer]." This allowed Lewis to investigate his contention that, despite receiving workers' compensation benefits, he was a casual employee of Vino Trucking and thus immune to the workers' compensation bar under N.J.S.A. 34:15-36.

Dicks was deposed,[7] confirming he worked for Vino Trucking, and Lewis worked as a helper with him the day of the accident, but he did not know who asked Lewis to work that day. Dicks was also injured in the accident and filed a workers' compensation claim. Despite being shown documentation that Royal

---

[7] Lewis immediately noticed Dicks' deposition, but it did not take place until December 12, 2023, because Vino Trucking had difficulty locating him.

A-2781-23

Wine paid his workers' compensation benefits, he maintained Vino Trucking paid his benefits.

Lewis filed a motion for reconsideration of the October 13 summary judgment order dismissing Vino Trucking. Following argument on April 26, 2024, the motion court issued an oral decision and order denying the motion. Applying Rule 49-2 and relevant case law, the court determined Lewis failed to show that the October 13 order was decided upon a "palpably incorrect or irrational basis or that the [c]ourt failed to consider significant probative evidence." The court held Dick's "deposition testimony does not contradict any of the already made arguments or documents produced." The court found no significance to Lewis' contention "that there is no proof Vino Trucking repaid Royal Wine for the requested [workers'] compensation lien." The court reasoned "[t]he fact that the lien was not repaid does not change the fact that it was paid by Royal Wine on behalf of Vino Trucking pursuant to an agreement," as confirmed by Travelers' conclusion that Vino Trucking was the responsible party. Lastly, the court emphasized Lewis' affidavit to the New Jersey Division of Workers' Compensation asserting that he was working on a delivery truck with Dicks when the accident happened.

II

We first address Lewis's appeal of the motion court's order granting Royal Wine summary judgment dismissing his negligence complaint. The court held Royal Wine owed no duty to Lewis, which is a prerequisite for finding negligence. See Jersey Cent. Power & Light Co. v. Melcar Util. Co., 212 N.J. 576, 594 (2013) (holding that, to prove a defendant's tort liability, a plaintiff must prove a duty of care, a breach of that duty, actual and proximate causation, and damages). A general contractor is liable for a subcontractor's negligence where it "retains control of the manner and means of doing the work which is the subject of the contract" or "engages an incompetent contractor." See Muhammad v. N.J. Transit, 176 N.J. 185, 197 (2003) (quoting Majestic Realty Assocs., Inc. v. Toti Contracting Co., 30 N.J. 425, 431 (1959)).

Relying on the police accident report identifying Dicks as the driver of the Vino Trucking box truck, the court stated in its oral decision that the undisputed facts showed "there is no indication . . . [of] an agency relationship or employment relationship between Royal Wine and the involved parties." The court thus found Royal Wine had no duty of care towards Lewis for simply allowing Vino Trucking's trucks to park on its property or because its products were on Vino Trucking's truck at the time of the accident. The court inferred

10

A-2781-23

Royal Wine had no responsibility for the accident given that Vino Trucking employed Lewis, and that Royal Wine asserted "they are separate corporations and their own legal entities."

Lewis contends summary judgment should not have been granted to Royal Wine because its duty to him turns on its relationship with Vino Trucking, which is a disputed fact necessitating a trial. See Rios v. Meda Pharm., Inc., 247 N.J. 1, 13 (2021) (quoting Brill, 142 N.J. at 540) ("The court's function [in deciding a summary judgment motion] is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'"). Lewis maintains that, when the accident occurred, Royal Wine was a general contractor who had its subcontractor Vino Trucking deliver its products. Although the word "subcontractor" is not defined in the WCA, our courts have described a subcontractor under that statute as one "who enters into a contract with a person for the performance of work which such person has already contracted with another to perform." Brygidyr v. Rieman, 31 N.J. Super. 450, 454 (App. Div. 1954); see also Black's Law Dictionary 1834 (12th ed. 2024) (defining subcontractor as "[s]omeone who is awarded a portion of an existing contract by a contractor, esp. a general contractor").

Lewis argues that Royal Wine as a principal can be held vicariously liable for the acts of its independent contractor or subcontractor, Vino Trucking. Lewis cites to Puckrein v. ATI Transport, Inc., where our Supreme Court held there are "three exceptions to the general rule that principals are not liable for the actions of independent contractors:  (1) where the principal retains control over the manner and means of doing the work subject to the contract; (2) where the principal engages an incompetent contractor; or (3) where the activity constitutes a nuisance per se."  186 N.J. 563, 574 (2006).

Based upon our de novo review, DeSimone v. Springpoint Senior Living, Inc., 256 N.J. 172, 180-81 (2024), we conclude disputed material facts exist concerning the relationship between Royal Wine and Vino Trucking.

Significantly, Traveler's decision to provide workers' compensation benefits to Lewis under Royal Wine's policy is notable because even though Vino Trucking employed Lewis, Royal Wine covered his claim, having identified itself as Vino Trucking's general contractor.  Our "[L]egislature has embraced a limited form of secondary liability for employers of uninsured subcontractors, N.J.S.A. 34:15-79, thus far it has opted to confine that responsibility to general contractors who hire them."  Cassano v. Aschoff, 226 N.J. Super. 110, 118 (App. Div. 1988) (quoting Bertucci v. Metropolitan Const.

Co., 21 N.J. Super. 318 (App. Div. 1952)). Because Vino Trucking did not have workers' compensation coverage, Royal Wine was obligated to cover Lewis based on the determination that Royal Wine was the general contractor and Vino Trucking was the subcontractor. See American Millennium Ins. Co. v. Berganza, 386 N.J. Super. 485, 493 (App. Div. 2006) (holding that under N.J.S.A. 34:15-79, "when a subcontractor fails to carry the required workers' compensation insurance, the general contractor's carrier becomes liable").

On its face, Royal Wine's reliance on N.J.S.A. 34:15-79 is a concession that it was a general contractor providing coverage for the uninsured subcontractor, Vino Trucking. This contradicts the motion court's finding that there was not an agency relationship or employment relationship between Royal Wine and Vino Trucking and that Dicks was not Royal Wine's agent. Defendants' relationship is further clouded by their written agreement, which Shumel testified required Royal Wine to provide workers compensation benefits for Vino Trucking with Vino reimbursing Royal Wine up to $150,000.

Additionally, depositions of Vino Trucking's representatives—taken after the court granted summary judgment to Royal Wine and before discovery ended—raise questions about defendants' true relationship. David testified that Royal Wine is Vino Trucking's "main client." Similarly, Shmuel testified that Vino

Trucking is Royal Wine's subcontractor and the exclusive deliverer of Royal Wine's product in New Jersey and New York.

These telling facts question Royal Wine's contention that it was entitled to summary judgment because Vino Trucking was its customer and not its subcontractor. Because there is a disputable issue of fact as to Royal Wine's status as a general contractor—and whether it breached its duty owed to Lewis, we reverse the summary judgment order dismissing Lewis' claims against Royal Wine.

If it is determined that Royal Wine is a general contractor to Vino Trucking's role as subcontractor, Royal can possibly be held liable for Vino Trucking's conduct. A general contractor is liable for subcontractor's negligence where it "retains control of the manner and means of doing the work which is the subject of the contract" or "engages an incompetent contractor." Muhammad, 176 N.J. at 197 (quoting Majestic Realty Assocs., Inc., 30 N.J. at 431). See also Tarabokia v. Structure Tone, 429 N.J. Super. 103, 113 (App. Div. 2012) (holding liability may be found when a general contractor controls the manner and means of the work the subcontractor was contracted for; or where an incompetent subcontractor is knowingly hired). Because summary judgment was granted based on the workers' compensation bar, the issue of Royal Wine's

14

negligence for Vino Trucking's negligence was not addressed. We do not address the issue either, leaving it to further motion proceedings or trial.

III

We turn next to Lewis' appeal of the motion court's orders granting Vino Trucking summary judgment, dismissing his negligence complaint, and denying his motion for reconsideration.

In its oral decision granting summary judgment, the court explained the undisputed facts established that Lewis was an employee of Vino Trucking at the time of the accident, which barred his action because he received workers' compensation benefits. The court rejected Lewis' contention that he was not subject to the workers' compensation bar because he was a "casual employee." The court stressed Lewis' status as a Vino Trucking employee was affirmed in his workers' compensation claim petition stating his regular work and pay with Vino Trucking.

The court stayed its summary judgment order to allow Lewis time to seek reconsideration after deposing Dicks. After considering the Rule 4:49-2 standard for reconsideration—requiring a showing that (1) the court's reasoning was palpably incorrect or irrational; (2) the court overlooked significant probative evidence; or (3) there is new evidence that was previously unavailable

15

—the court determined that even though Dicks had no role in Lewis working with him the day of the accident, Dicks' "deposition testimony does not contradict any of the already made arguments or documents produced." The court also found it irrelevant whether Vino Trucking repaid Royal Wine for the "[workers'] compensation lien" because the fact remained that Travelers provided coverage for Lewis' workers' compensation petition since Vino Trucking employed Lewis.

Before us, Lewis argues there is a genuine issue of material fact regarding whether Vino Trucking should have received workers' compensation coverage through Royal Wine's policy with Travelers. He points to contradictory representations by Vino Trucking concerning its status as a deliverer of Royal's products. As noted, Royal Wine and Vino Trucking justified coverage for Lewis' workers' compensation claim representing they had a subcontractor/general contractor relationship and that Vino Trucking employed Lewis. However, Vino Trucking now presents conflicting views of its relationship with Royal Wine. David deposed that Vino Trucking was Royal Wine's "customer" in delivering its products to retailers, while Shmuel deposed that Vino Trucking was Royal Wine's subcontractor. Despite the muddled business relationship between Royal Wine and Vino Trucking, Lewis does not

articulate a viable claim against Vino Trucking irrespective of whether Vino Trucking was Royal Wine's subcontractor or customer.

We conclude, as did the motion court, that there is no factual dispute concerning Lewis' status with Vino Trucking—he was their regular employee not a casual employee. Employment is defined as casual if it "arises by chance or is purely accidental; or if not in connection with any business of the employer, as employment [that is] not regular, periodic, or recurring." N.J.S.A. 34:15-36. The undisputed facts are that Lewis was paid an hourly rate and regularly worked shifts Tuesday to Friday, with an occasional Monday shift. He received workers' compensation benefits because he was a regular employee of Vino Trucking.

Lewis' assertions that Vino Trucking's negligent entrustment of Dicks as a driver for Vino Trucking—by failing to properly screen Dicks' hiring and properly train Dicks—were the proximate causes of his injuries, do not overcome the workers' compensation bar because he was a regular employee of Vino Trucking. After pursuing workers' compensation benefits, Lewis makes no contention that his injuries were caused by his employer's intentional

wrongs,[8] an exception to the workers' compensation bar for common law claims. See Rodriguez v. Shelbourne Spring, LLC, 259 N.J. 385, 396; (2024).

Furthermore, Lewis presents no facts to support his independent contractor status contention to avoid the workers' compensation bar. First and foremost, he collected workers' compensation benefits as a Vino Trucking employee. Just as important, the record shows that Vino Trucking retained control over Lewis' compensation and termination, provided a box truck for Royal Wine deliveries, and that Lewis' work as a helper was not a "separate enterprise" but rather "an integral part of Vino Trucking's regular business" of providing delivery services. Pollack v. Pinos' Formal Wear & Tailoring, 253 N.J. Super. 397, 407 (App. Div. 1992) (citation omitted) (holding the "control test" and "relative nature of the work test" "are basically designed to draw a distinction between those occupations which are properly characterized as separate enterprises and those which are in fact an integral part of the employer's regular business"). Since Lewis has failed to raise a triable issue regarding his

---

[8] "[A]n intentional wrong is not limited to actions taken with a subjective desire to harm, but also includes instances where an employer knows that the consequences of those acts are substantially certain to result in such harm." Laidlow v. Hariton Mach. Co., Inc., 170 N.J. 602, 613 (2002).

status with Vino Trucking, the exception to the workers' compensation bar does not apply and his claims against Vino Trucking are dismissed.

Although we affirm summary judgment dismissing Lewis' claims against Vino Trucking with prejudice, Vino Trucking is not dismissed from this matter. Royal Wine's pleadings raise cross-claims against Vino Trucking. Since we reverse summary judgment to Royal Wine, its cross-claims remain viable because, based on the record before us, there is no court order dismissing them.

To the extent we have not addressed a particular argument, it is either because our disposition of the appeal renders it unnecessary, or the argument was without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

_M.C. Harley_

Clerk of the Appellate Division

19                                                                      A-2781-23